

1    CRAIG J. CANNIZZO (State Bar No. 70379)
     E-Mail: ccannizzo@health-law.com
2    FELICIA Y SZE (State Bar No. 233441)
     E-Mail: fsze@health-law.com
3    GREG B SHERMAN (State Bar No. 253832)
     E-Mail: gsherman@health-law.com
4    **HOOPER, LUNDY & BOOKMAN, P.C.**
     575 Market Street, Suite 2300
5    San Francisco, California 94105
     Telephone: (415) 875-8500
6    Facsimile: (415) 875-8519

7    Attorneys for Plaintiffs

8

9           **UNITED STATES DISTRICT COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

12    CALIFORNIA MEDICAL       CASE NO. CV11-9688 PA (CWx)
     ASSOCIATION, CALIFORNIA
13    DENTAL ASSOCIATION,      **COMPLAINT FOR INJUNCTIVE**
     CALIFORNIA PHARMACISTS    **AND DECLARATORY RELIEF**
14    ASSOCIATION, NATIONAL
     ASSOCIATION OF CHAIN DRUG
15    STORES, and DOES 1 through 10,
     inclusive,
16
          Plaintiffs,
17
      vs.
18
     TOBY DOUGLAS, DIRECTOR,
19    CALIFORNIA DEPARTMENT OF
     HEALTH CARE SERVICES,
20    KATHLEEN SEBELIUS,
     SECRETARY, UNITED STATES
21    DEPARTMENT OF HEALTH &
     HUMAN SERVICES,
22
          Defendants.
23

24

25

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL: (415) 875-8500 • FAX: (415) 875-8519

2040786.1

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

COPY

FILED

2011 NOV 21 PM 4:20

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL.: (415) 875-8500  •  FAX: (415) 875-8519

## JURISDICTION AND VENUE

1.      Plaintiffs, CALIFORNIA MEDICAL ASSOCIATION, CALIFORNIA DENTAL ASSOCIATION, CALIFORNIA PHARMACISTS ASSOCIATION, NATIONAL ASSOCIATION OF CHAIN DRUG STORES, and DOES 1 through 25, bring this complaint pursuant to 28 United States Code ("U.S.C.") § 1331, the Administrative Procedure Act ("APA") as codified at 5 U.S.C. § 701 *et. seq.*, and the Supremacy Clause of the United States Constitution to compel Defendants Toby Douglas, Director of the California Department of Health Care Services (the "Director") and Kathleen Sebelius, Secretary of the United States Department of Health and Human Services ("Secretary"), to comply with the mandatory provisions of the federal Medicaid law pursuant to 28 U.S.C. § 1361.

2.      Venue lies in this judicial district under 28 U.S.C. § 1391, in that the Director has offices within this judicial district and is thus deemed to reside within this judicial district and also in that plaintiffs or their members are located and reside within this judicial district and the consequences of Defendants' unauthorized and arbitrary activities are occurring within this judicial district.

## INTRODUCTION

3.      The State of California is set to once again attempt to salve its economic woes on the backs of health care providers that participate in California's Medicaid program, known as Medi-Cal.  The State intends to unleash a ten percent rate reduction to a vast array of medical services, including: adult physician services, adult clinic services, optometry services, dental services, non-emergency medical transportation, emergency medical transportation, pharmacy services and drugs, the services provided by the few remaining adult day health care centers and the services provided by intermediate care facilities.  The State of California did not consider the costs to providers of providing any of these services when it adopted these rate reductions, despite numerous injunctions by the federal courts enjoining

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

2040786.1

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL.: (415) 875-8500 • FAX: (415) 875-8519

1   many of the State's previous attempts to reduce rates for that precise reason.

2       4.    Somewhat miraculously, the federal agency charged with administering

3   the Medicaid program, the Centers for Medicare and Medicaid Services ("CMS"),

4   acting as the Secretary's agent, determined, without a reasonable basis, that these

5   reductions are consistent with Medicaid Act requirements and pose no risk that

6   Medi-Cal beneficiary access to these healthcare services will be impacted.  Aside

7   from being wholly inconsistent with governing case law concerning what the

8   Medicaid Act requires, CMS' decision simply defies reason and logic.  It strains

9   credulity to its breaking point to accept that a 10 percent cut to rates that have

10   already caused significant gaps in access for Medi-Cal beneficiaries will not have

11   any adverse impact on provider participation levels in Medi-Cal.  Nevertheless, as

12   discussed below, that is effectively what CMS determined.

13       5.    By this action, a coalition of Medi-Cal beneficiaries and provider

14   organizations seek an injunction to invalidate and stop the implementations of these

15   across-the-board rate reduction.  On the most immediate level, this new reduction

16   will improperly deprive Medi-Cal participating providers of reimbursement to

17   which they otherwise are lawfully entitled.  More alarmingly, this massive payment

18   reduction will almost immediately threaten the ability of many physicians, dentists,

19   and pharmacies to continue their operations or otherwise continue to treat Medi-Cal

20   beneficiaries thereby creating significant gaps in access to such services for Medi-

21   Cal beneficiaries, particularly those already residing in medically underserved areas.

22       6.    As were its predecessors, this latest budget driven reduction for

23   healthcare services was adopted in a manner contrary to federal law and numerous

24   rulings by this Court and the Ninth Circuit Court of Appeals concerning the

25   obligations imposed by the Medicaid Act.

26       7.    Consistent with the foregoing, Plaintiffs seek declaratory and injunctive

27   relief to prevent the State of California from implementing and/or enforcing this

28   unlawful, enormous payment reduction and setting aside CMS' approval of it.

2

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA  94105
TEL.: (415) 875-8500  •  FAX:  (415) 875-8519

### THE PARTIES

8.     Defendant TOBY DOUGLAS is the Director of the California Department of Health Care Services ("DHCS" or the "Department") and as such, has the responsibility to administer the Medi-Cal program consistent with the federal Medicaid Act.  The Director is sued in his official capacity.  The Department is the single state agency charged with the administration of California's Medicaid program, known as Medi-Cal.  *See* California Welf. & Inst. Code §§ 14000 *et seq*. The Director has an office in the County of Los Angeles.

9.     Defendant KATHLEEN SEBELIUS, the Secretary of the United States Department of Health and Human Services ("Secretary"), is the federal officer responsible for administering the Medicaid program at the federal level.  The Secretary, through her designated agent, CMS, is responsible for reviewing and approving policy changes that states make to their Medicaid programs.  The Secretary approved the policy changes that California has made to Medi-Cal, which Plaintiff is challenging herein.

10.     Plaintiff CALIFORNIA MEDICAL ASSOCIATION ("CMA") is a nonprofit, incorporated professional association of more than 30,000 physicians practicing in the State of California, with its principal office in Sacramento, California.  CMA's membership includes California physicians who are engaged in the private practice of medicine, in all specialties.  CMA's primary purposes are to promote the science and art of medicine, the care and well-being of patients, the protection of the public health, and the betterment of the medical profession.  CMA brings this action on its own behalf and in its representative capacity on behalf of its members, many of whom are providers under California's Medi-Cal program and will be directly and adversely affected by the threatened rate reduction, and on behalf of its members' patients.

/ / /

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

2040786.1

11.   Plaintiff CALIFORNIA DENTAL ASSOCIATION is a nonprofit, professional association representing more than 22,000 dentists throughout the State of California.  This number reflects approximately 70 percent of all California licensed dentists.  Founded in 1870, CDA is the largest constituent member of the American Dental Association.  CDA is incorporated in the State of California with its principal office in Sacramento, California.  Through public policy, advocacy, education and other means, CDA has promoted the health of the public, the profession and the individuals it serves for over a century.  CDA brings this action on its own behalf and in its representative capacity on behalf of its members, many of whom are providers under California's Medi-Cal program and will be directly and adversely affected by the threatened rate reduction, and on behalf of its members' patients.

12.   Plaintiff CALIFORNIA PHARMACISTS ASSOCIATION ("CPhA") represents more than 5,000 pharmacists in California.  CPhA is incorporated in the State of California with its principal office in Sacramento, California.  It is the largest state professional association of pharmacists in the United States.  Many of CPhA's members own or operate pharmacies in the State of California, many of which are providers under California's Medi-Cal program. The mission of CPhA is to represent pharmacists in all practice settings in the State, and to advocate the role of pharmacy as an essential venue of health care for patients.  CPhA brings this action on its own behalf and in its representative capacity on behalf of its members who will be directly and adversely affected by the threatened rate reduction, and on behalf of the Medi-Cal patients served by its members.

13.   Plaintiff NATIONAL ASSOCIATION OF CHAIN DRUG STORES ("NACDS") is a national association whose members include 18 pharmacy chains in California with over 3,100 individual pharmacies within the State employing over 12,000 pharmacists.  NACDS' mission includes ensuring its members are adequately reimbursed by federal and state healthcare programs and ensuring

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL.: (415) 875-8500 • FAX: (415) 875-8519

4

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1  patient access to pharmaceutical care.  Members of NACDS participate in

2  California's Medi-Cal program.

3       14.    The California Medical Association, the California Dental Association,

4  the California Pharmacist Association, and the National Association of Chain Drug

5  Stores are collectively referred to herein as the "Associational Plaintiffs."

6       15.    Plaintiffs DOES 1 through 25 are individuals residing in the State of

7  California that are beneficiaries of the Medi-Cal program and require outpatient

8  services including physician services, clinical services, dentistry services and

9  pharmacy services.  These individual Medi-Cal beneficiary plaintiffs have been

10  receiving outpatient services from physicians, dentists and pharmacists that are

11  members the Associational Plaintiffs and have been and/or will be adversely

12  affected by the Medi-Cal payment rate reductions at issue in this action.

13

14  **FEDERAL MEDICAID LAW**

15       16.    Title XIX of the Social Security Act, 42 U.S.C. §§ 1396 *et seq*., the

16  Medicaid Act, authorizes federal financial support to states for medical assistance to

17  low-income persons who are aged, blind, disabled, or members of families with

18  dependent children.  The program is jointly financed by the federal and state

19  governments and administered by the states.  The states, in accordance with federal

20  law, decide eligible beneficiary groups, types and ranges of services, payment level

21  for services, and administrative and operative procedures.  Payment for services is

22  made directly by states to the individuals or entities that furnish the services.  42

23  Code of Federal Regulations ("C.F.R.") § 430.0.

24       17.    In order to receive matching federal financial participation, states must

25  agree to comply with the applicable federal Medicaid law and regulations, 42 U.S.C.

26  §§ 1396 *et seq*. Once a state has decided to participate in the Medicaid program,

27  compliance with the federal Medicaid law and regulations is mandatory.

28  / / /

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL.: (415) 875-8500 • FAX: (415) 875-8519

2040786.1

5

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

18.     At the state level, the Medicaid program is administered by a single state agency, which is charged with the responsibility of establishing and complying with a state Medicaid plan (the "State Plan") that, in turn, must comply with the provisions of applicable federal Medicaid law. 42 U.S.C. § 1396a(a)(5) and 42 C.F.R. §§ 430.10 and 431.10. The State Plan must be submitted to the Secretary for approval and must describe the policies and methods to be used to set payment rates for each type of service included in the State Plan. 42 C.F.R. §§ 430.10 and 447.201(b). Under federal Medicaid law, as interpreted by the Court of Appeals for the Ninth Circuit, changes to the State Plan may not be implemented by the state prior to being approved by the Secretary.

19.     Each state's Medicaid plan must "provide such methods and procedures . . . relating to the utilization of, and the payment for, care and services available under the plan which may be necessary . . . <u>to assure that payments are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general public in the geographic area</u> . . . ." 42 U.S.C. § 1396a(a)(30)(A) (hereinafter "Section 30(A)") (emphasis added); 42 C.F.R. § 447.204.

20.     Section 30(A) has been interpreted by the Ninth Circuit Court of Appeals to require state Medicaid agencies to consider provider costs, based on "reasonable cost" studies, when setting Medi-Cal payment rates and to preclude states from basing Medicaid rate setting decisions solely on budgetary factors. The Ninth Circuit has further held that these credible cost studies must be considered prior to the implementation of the rate reduction. In addition, as interpreted by the Ninth Circuit Court of Appeals, Section 30(A) requires that the rates paid by a Medicaid program for services must bear a reasonable relationship to the costs that an efficiently and economically operated provider incurs in rendering such services.

/ / /

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL.: (415) 875-8500 • FAX: (415) 875-8519

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

2040786.1

21.     The Secretary's review and approval of any State Plan Amendment ("SPA") as satisfying the requirements of the Medicaid Act is reviewable under the APA.  5 U.S.C. § 706 *et seq*.  Under the APA, agency action may be set aside where it is found to be arbitrary and capricious, an abuse of discretion or otherwise unsupported by substantial evidence.  Among other things, an agency acts arbitrarily and capriciously when it fails to follow governing law with respect to a particular decision or action.  Further, to comply with the APA, the Secretary must develop a record demonstrating adequate consideration of the relevant factors and a rational basis for her decision on the relevant SPA.  The decision to approve the 2011 Rate Reductions was arbitrary and capricious under the APA and, therefore, contrary to law.

## CALIFORNIA'S MEDI-CAL PROGRAM

22.     The State of California has elected to participate in the Medicaid program.  California has named its program "Medi-Cal."  See Cal. Welf. & Inst. Code §§ 14000 *et seq*.; 22 Cal. Code of Regs. ("C.C.R.") §§ 50000 *et seq*.

23.     Medi-Cal healthcare payments are disbursed in two ways.  The first is a "fee for service" process whereby DHCS determines whether the healthcare services were covered and furnished to an eligible beneficiary, and, if so, pays the service providers directly.  Alternatively, the Department administers Medi-Cal through various managed care models operated by public and private entities under contract. This action concerns only payments made under the fee-for-service component of the Medi-Cal program.

24.     Payments from the Medi-Cal fee for service program to providers are governed by various statutes, regulations, the State Plan, and in some instances, informal handbooks, manuals or bulletins.

/ / /

/ / /

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL.: (415) 875-8500 • FAX: (415) 875-8519

2040786.1

25.     Specific payments for different providers include the following:

a.     **Physician Services:**  Medi-Cal pays physicians for their services pursuant to a physician service fee schedule.  Physician payment rates are set forth in 22 C.C.R. § 51503.

b.     **Dental Services:**  Medi-Cal pays dentists for their services pursuant to a dental services fee schedule.  Dental rates are set forth in 22 C.C.R. §§ 51506, 51506.1 and 51506.2, but these provisions do not accurately reflect the most recent rate changes.  The current dental rates can be found in the Denti-Cal Schedule of Maximum Allowances in the Denti-Cal Program Provider Handbook and/or the Denti-Cal Provider Bulletin, Volume 24, Number 1.

c.     **Pharmacy Services/Drugs:**  Payment rates to pharmacies for drugs are governed by Welfare and Institutions Code § 14105.45.  Pharmacy reimbursement for drugs under Medi-Cal is composed of two distinct components: payment for the ingredient cost of the drug product dispensed, plus a professional dispensing fee.  Some pharmacies also provide certain medical supplies and durable medical equipment ("DME") to Medi-Cal beneficiaries pursuant to Welfare and Institutions Code section 14105.48 and Title 22, California Code of Regulations, sections 51520 and 51521.

## THE STATE'S REPEATED UNLAWFUL REDUCTION OF PROVIDER REIMBURSEMENT RATES

26.     On February 16, 2008, the California Legislature enacted Assembly Bill X3 5 ("AB 5") in special session.  Section 14 of said Act added Section 14105.19 to the Welfare and Institutions Code.  Pursuant to paragraph (b)(1) of Welfare and Institutions Code § 14105.19, payments under the Medi-Cal fee for service program for physicians, dentists, pharmacies, ADHCs, clinics, health systems and other providers were to be reduced by ten percent for services provided on or after July 1, 2008.  The rate and payment reductions enacted by AB 5 are

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA  94105
TEL.: (415) 875-8500 • FAX: (415) 875-8519

2040786.1

8

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL.: (415) 875-8500 • FAX: (415) 875-8519

1    referred to herein as "the AB 5 Rate Reductions."

2         27.    On April 22, 2008, Independent Living Center of Southern California

3    ("ILCSC") and other plaintiffs filed a lawsuit in Los Angeles Superior Court against

4    Sandra Shewry, Douglas' predecessor at DHCS, to challenge the AB 5 Rate

5    Reduction.  The essence of the complaint was that the AB 5 Rate Reduction violated

6    Section 30(A) of the federal Medicaid Act.  The State removed this action to federal

7    court.

8         28.    On June 25, 2008, Judge Cristina Snyder of the Central District denied

9    ILCSC a preliminary injunction on the grounds that Plaintiffs had not established a

10   likelihood of success on its legal claims.  The Plaintiffs immediately appealed the

11   denial of the preliminary injunction to the Ninth Circuit Court of Appeals.

12        29.    By order dated July 16, 2008, the Ninth Circuit reversed the Court's

13   denial of the injunction, holding that the Supremacy Clause provides a vehicle for

14   prospective enforcement of federal laws such as Section 30(A).  On September 17,

15   2008, the Ninth Circuit issued its Opinion on its July 16, 2008 Order.  *Indep. Living*

16   *Ctr. Of S. Cal. v. Shewry* (9th Cir. 2008) 543 F.3d 1050.

17        30.    Upon remand, the district court on August 18, 2008, issued a

18   preliminary injunction ordering the State to refrain from implementing the AB 5

19   Rate Reduction for services.  *Indep. Living Ctr. of S. Cal. v. Shewry* (C.D. Cal.

20   2008) 2008 WL 3891211.  The district court found that the petitioners in that case

21   had established a likelihood of success on the merits because the Department did not

22   offer sufficient evidence that it "made the [inquiries required by Section 30(A)] in

23   deciding to enact the ten percent reduction."  The district further determined that the

24   AB 5 Rate Reduction as applied to pharmacies, physicians, dentists and ADHCs had

25   a likelihood of irreparably harming Medi-Cal beneficiaries by limiting access to the

26   healthcare services provided by these classes of providers.

27        31.    On September 15, 2008, the court clarified its injunction to specify that

28   it applied to services provided by pharmacies, physicians, dentists and adult day

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

2040786.1

1   health care services, but not hospitals.

2        32.     The Ninth Circuit affirmed the district court's determination that

3   ILCSC had established a likelihood of success on the merits on three independent

4   grounds.  *Indep. Living Ctr. of S. Cal. v. Shewry* (9th Cir. 2009) 572 F.3d 644.  First,

5   "quite apart from any procedural requirements . . . , the State's decision to reduce

6   Medi-Cal reimbursement rates based solely on state budgetary concerns violated

7   federal law."  Second, the court of appeals held that the rate cut was not the result of

8   a "reasonable and sound" decision-making process. Third, the court held that

9   petitioners had not complied with the requirements of Section 30(A) as previously

10  interpreted.

11       33.     Meanwhile, on September 18, 2008, after a protracted budget

12  stalemate, Governor Schwarzenegger signed Assembly Bill 1183 ("AB 1183"), the

13  budget trailer bill for fiscal year 2008-09.  AB 1183 amended Welfare and

14  Institutions Code section 14105.19, making most aspects of the AB 5 Rate

15  Reduction effective only through February 29, 2009.

16       34.     At the same time, AB 1183 implemented the following modified rate

17  reductions, subject to certain exemptions, effective March 1, 2009, by implementing

18  Welfare and Institutions Code section 14105.191:

19            a.     A five percent rate reduction for Medi-Cal fee-for-services

20  benefits paid to certain intermediate care facilities, skilled nursing facilities that are

21  distinct parts of general acute care hospitals, rural swing-bed facilities, subacute care

22  units that are, or are parts of, distinct parts of general acute care hospitals, pediatric

23  subacute care units that are, or are parts of, distinct parts of general acute care

24  hospitals, and adult day health care centers.

25            b.     A five percent rate reduction to payments to pharmacies and

26  adult day health care.

27            c.     A one percent rate reduction for all other Medi-Cal fee-for-

28  service benefits.

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA  94105
TEL.: (415) 875-8500  •  FAX:  (415) 875-8519

10

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1  The reductions enacted by AB 1183 are hereinafter referred to as the "AB 1183 Rate
2  Reductions."

3         35.    On January 29, 2009, the California Pharmacists Association and other
4  plaintiffs filed a complaint in district court against the Director challenging the AB
5  1183 Rate Reductions on the grounds that AB 1183 was not enacted in accordance
6  with the requirements of the Medicaid Act, including those set forth in Section
7  30(A).

8         36.    On March 9, 2009, the district court granted the California Pharmacists
9  Association plaintiffs' motion for a preliminary injunction as applied to adult day
10 health care centers but not as to hospitals. *Cal. Pharms. Assoc. v. Maxwell-Jolly*
11 (C.D. Cal. 2009) 630 F.Supp.2d 1144 and 630 F.Supp.2d 1154. The district court
12 found that the California Pharmacists Association plaintiffs had established
13 irreparable injury to Medi-Cal beneficiaries due to the proposed cuts because they
14 would be "at risk of losing access" to adult day health care services. That, in turn,
15 created a "significant threat to the health of Medi-Cal recipients." The balance of
16 hardships and public interest also weighed in favor of a preliminary injunction as to
17 adult day health care centers, the district court found, because the proposed cuts
18 might not save the State any money because "many Medi-Cal beneficiaries may turn
19 to more costly forms of medical care, such as emergency room care."

20        37.    On March 3, 2010, the court of appeals affirmed the district court's
21 entry of a preliminary injunction regarding the rate cut as applied to adult day health
22 care centers. *Cal. Pharms. Assoc. v. Maxwell-Jolly* (9th Cir. 2010) 596 F.3d 1098.
23 The court of appeals held that the district court did not commit clear error in finding
24 that the legislature was concerned "solely with budgetary matters." Further, the
25 court of appeals noted that the State had "concede[d] that here, the evidence
26 indicates that at least some [providers] would stop treating beneficiaries due to AB
27 1183." The court of appeals reversed the district court's denial of a preliminary
28 injunction regarding the cuts as applied to hospitals because the district court had

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL: (415) 875-8500 • FAX: (415) 875-8519

1  abused its discretion in finding a lack of irreparable injury.

2      38.     On January 16, 2009, Managed Pharmacy Care and other plaintiffs

3  filed a complaint in district court against the Director challenging the AB 1183 Rate

4  Reductions as they applied to pharmacy providers.

5      39.     On February 27, 2009, the District Court granted the Managed

6  Pharmacy Care plaintiffs' motion for a preliminary injunction as applied to

7  pharmacies.  *Managed Pharm. Care v. Maxwell-Jolly* (C.D. Cal. 2009) 603 F. Supp.

8  2d 1230.  The district court found that the pharmacies had prudential standing, had

9  established a likelihood of success on the merits and had demonstrated that they

10  would likely suffer irreparable harm absent a preliminary injunction.

11      40.     The Ninth Circuit upheld the injunction in an unpublished decision on

12  March 3, 2010.

13      41.     The Supreme Court granted certiorari to the *ILCSC*, *California*

14  *Pharmacists Association* and *Managed Pharmacy Care* cases on the narrow issue of

15  whether Medicaid providers may maintain a cause of action under the Supremacy

16  Clause to enforce Section 30(A) by asserting that the provision preempts a state law

17  that reduces reimbursement rates.  Oral argument was held on October 3, 2011.

18

19                  **ASSEMBLY BILL 97 OF 2011**

20      42.     On March 25, 2011, Governor Brown signed into law Assembly Bill 97

21  of 2011 ("AB 97"), the health budget trailer bill for California fiscal year 2011 –

22  2012.  As it has done so often in recent years, with AB 97, the State of California

23  once again enacted significant payment reductions for many classes of services

24  provided under the Medi-Cal program.

25      43.     Most significantly for the present action, AB 97 enacts Welfare and

26  Institutions Code § 14105.192, states that, subject to certain exceptions, "payments

27  [to providers] shall be reduced by 10 percent for Medi-Cal fee-for-service benefits

28  for dates of service on or after June 1, 2011."

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL.: (415) 875-8500 • FAX: (415) 875-8519

2040786.1

44.     Pursuant to Section 14105.192(m), the reductions in Section 14105.192 cannot be implemented until the Director determines they are consistent with federal law, specifically referencing Section 30(A).  That subdivision also grants the Director the authority to not implement any rate reduction or adjust any rate reduction as necessary to comply with federal requirements.

45.     Pursuant to Section 14105.192(n), the Director is required to seek any federal approvals necessary to implement section 14105.192.  Pursuant to section 14105.192(o), the Director may not implement any of the reductions in section 14105.192 "until federal approval is obtained."  However, the statute provides that once federal approval is obtained, the reductions may be implemented retroactively as of June 1, 2011.

46.     Plaintiffs are informed and believe and thereon allege that, prior to giving DHCS the authority to reduce Medi-Cal payment rates pursuant to Section 14105.192(m), the California Legislature did not conduct or commission any reliable cost studies to determine whether the altered payment rates would be consistent with efficiency, economy, quality of care, sufficient to ensure continued adequate access to care for Medi-Cal beneficiaries or reasonably related to the costs providers incur in furnishing the healthcare services.  Rather, all the rate reductions called for by AB 97 were enacted by the Legislature for solely budgetary purposes.

47.     Plaintiffs' challenge focuses on the Medi-Cal payment rate reductions called for by AB 97, as codified at Section 14015.192, that affect adult physician services, adult clinical services, medical transportation, optometry, dental services and pharmacy.  The challenged rate reduction shall be referred to hereinafter as the "2011 Rate Reductions."

## FEDERAL STATE PLAN AMENDMENT APPROVALS

48.     Consistent with the terms of Section 14105.192, DHCS submitted three proposed State Plan Amendments or "SPAs" to CMS on June 30, 2011, which sought federal approval of the 2011 Rate Reductions and incorporation of those

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA  94105
TEL.: (415) 875-8500  •  FAX:  (415) 875-8519

2040786.1

13

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

reductions into California's Medi-Cal State Plan.  Specifically:

a.  SPA 11-009 seeks to implement a ten percent payment reduction for adult physician services, adult clinical services, medical transportation, optometry, dental services and pharmacy, effective for dates of service on or after June 1, 2011.  In addition SPA 11-009 implements a ten percent payment reduction for ADHC services, effective for dates of service June 1, 2011, through August 31, 2011 (reflecting the pending elimination of ADHC services an September 1, 2011).  SPA 11-009 also sought to end-date numerous previous payment reductions to outpatient services.  The rate reductions set forth in SPA 11-009 are being challenged in this lawsuit.

b.  SPA 11-010 seeks to implement a ten percent rate reduction to intermediate care facilities, distinct part nursing facilities, rural swing-bed facilities, distinct part adult subacute care facilities, distinct part pediatric subacute facilities, and intermediate care facilities for the developmentally disabled, effective June 1, 2011.  SPA 11-010 further sought to implement a 5.7 percent rate reduction to freestanding pediatric subacute facilities.  This SPA is not at issue in this case.

c.  SPA 11-011 seeks to implement, among other things, a 10 percent rate reduction effective June 1, 2011, to freestanding skilled nursing facilities.  This SPA is not at issue in this case.

49.  On September 27, 2011, Gloria Nagle, the Assistant Regional Administrator from CMS Region IX sent a letter to Toby Douglas requesting additional information pursuant to 42 U.S.C. section 1396n(f)(2).  This Request for Additional Information ("RAI") was fairly extensive and included a list of eleven inquiries that CMS felt DHCS needed to address in order to allow CMS to appropriately assess whether the rate reduction called for in the SPA 11-009 would be consistent with the Medicaid Act.  The RAI included three questions and seven subquestions on the issue of whether the rate reductions would comply with Section 30(A).

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA  94105
TEL.: (415) 875-8500  •  FAX:  (415) 875-8519

50.     Plaintiffs are informed and believe, and hereon allege, that the Department did not respond or otherwise provide additional documentation to CMS in response to the RAI.

51.     Nevertheless, by letter dated October 27, 2011, the Secretary provided notice that she was approving SPA 11-009.  In its approval letter, the Secretary stated that "the State was able to provide metrics which adequately demonstrated beneficiary access to care in accordance with section 1902(a)(30(A) of the Act."  In addition, the approval noted that California would be implementing a "monitoring plan" by which beneficiary access will be monitored on a service-by-service basis.

52.     Among the rate reductions approved by the Secretary in SPA 11-009 are 10 percent rate reductions for: (1) services provided and billed by clinics and physicians provided to beneficiaries aged 21 and older; (2) drugs provided by a pharmacy; (3) non-drug services provided by a pharmacy; and (4) dental services.

53.     On that same day that the Secretary approved SPA 11-009, she sent a "companion letter" requesting a corrective action plan from DHCS to correct areas in which SPA 11-009 is "not in compliance with current regulations, statute, and CMS guidance."  Among the concerns expressed in the companion letter were a number of items related to the lack of a comprehensive description of the methods and standards used to set payment rates.  The Secretary informed DHCS that "[a]bsent the descriptions of these criteria, CMS will not be able to determine that the State plan language meets the requirements set forth in 42 CFR 447.252(b), 42 CFR 447.10, and Section 1902(a)(30)(A) of the Act [Section 30(A)]."  The Secretary requested a corrective action plan from DHCS within 90 days from the date of the letter.

54.     Plaintiffs are informed and believe and thereon allege that, given that CMS has approved SPA 11-009, DHCS intends to start applying 10 percent reduction to outpatient services, including through the retrospective recovery of purported "overpayments" for services rendered on or after June 1, 2011 that were

15

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL.: (415) 875-8500 • FAX: (415) 875-8519

1 paid at the unreduced rate in effect during that period.

2     55.     When these rate reduction go into effect, the Medi-Cal providers

3 represented in this action will be forced out of business or will otherwise limit their

4 provision of services to Medi-Cal beneficiaries.  At worst, this will create significant

5 gaps in access to outpatient services that Medi-Cal beneficiaries require, particularly

6 those residing in already medically underserved, rural areas.  At best, the rate

7 reductions that SPA 11-009 purports to allow will cause significant delay in patients

8 obtaining needed services.

9

10                    **THE ASSOCIATIONS' STANDING**

11     56.     Many of the members of the Associational Plaintiffs are Medi-Cal

12 providers.  These Medi-Cal providers will suffer a concrete economic injury in the

13 form of reduced payment for services by the unlawful implementation of the AB 97

14 Rate Reductions.

15     57.     Medi-Cal providers are in a unique position to advance the interests of

16 Medi-Cal beneficiaries.  The members of Associational Plaintiffs that provide

17 services to Medi-Cal beneficiaries have an extremely close relationship with their

18 Medi-Cal beneficiary patients who seek that care.  A Medi-Cal beneficiary cannot

19 secure medical services without his/her health care providers, and without

20 reimbursement by Medi-Cal for those services. Medi-Cal providers are better

21 positioned and informed as to the impact of a reimbursement rate cut on the services

22 they intend to provide.

23     58.     Furthermore, Medi-Cal beneficiaries face economic hindrances to their

24 ability to assert their own rights in this case.  To qualify for Medi-Cal, an individual

25 must demonstrate financial need for medical assistance from the State.  In light of

26 their finances and the cost of litigation, Medi-Cal beneficiaries may not be able to

27 effectively protect their interests.

28 / / /

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL.: (415) 875-8500 • FAX: (415) 875-8519

16

59.   Associational Plaintiffs, as associations representing the interests of physicians, dentists and pharmacists that participate in the Medi-Cal program and the Medi-Cal beneficiaries served by these providers, and as parties seeking to compel the Director to comply with his public duties as defined by federal law, have a right and an enforceable interest to maintain this action to: (1) enjoin the Defendants' continuing violation of federal Medicaid law; and (2) compel the Defendants to comply with the provisions of the applicable federal laws.

60.   Moreover, Associational Plaintiffs have a right and an enforceable interest to maintain this action against the Director under APA and the Supremacy Clause of the United States Constitution, to enjoin the Director's continuing violation of the federal Medicaid law and to compel the Director to comply with the provisions of the applicable federal Medicaid law, as well as to challenge the Secretary's decision to approve the Director's implementation of the unlawful rate reduction.

61.   Under 28 U.S.C. § 2201, Associational Plaintiffs are entitled to a declaration of their rights, their members' rights, and/or their members' patients' rights under federal Medicaid law.

## FIRST CAUSE OF ACTION
### (VIOLATION OF
### ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. §§ 701-706)
(Against Defendant Secretary)

62.   Plaintiff hereby incorporates by reference paragraphs 1 through 62, inclusive, as though fully set forth herein.

63.   Under the federal APA, 5 U.S.C. §§ 701-706, courts must overturn agency action that is arbitrary, capricious, an abuse of discretion or not otherwise in accordance with the law.

/ / /

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL.: (415) 875-8500 • FAX: (415) 875-8519

2040786.1

17

64.     The Secretary's approval of the SPA 11-009 that sets forth the 10 percent rate reduction for outpatient services is the act of an administrative agency and subject to review under the APA.

65.     The Secretary's approval of the SPA 11-009 is invalid under the APA because it is arbitrary, capricious and an abuse of discretion, and otherwise inconsistent with governing law, for the following reasons:

a.      At the time of its approval of SPA 11-009, the Secretary also sent correspondence to DHCS stating that it was not "able to determine that the State plan language meets the requirements set forth in 42 CFR 447.252(b), 42 CFR 447.10, and section 1902(a)(30)(A) of the Act."  The Secretary's simultaneous determinations that SPA 11-009 both complies with the applicable federal requirements and that the Secretary cannot determine compliance demonstrates that her decision was arbitrary, capricious, and an abuse of discretion.

b.      Plaintiffs are informed and believe, and hereon allege, that the Secretary approved SPA 11-009 prior to receiving DHCS' response to the RAI that CMS sent on September 27, 2011.  The Secretary's act of approving SPA 11-009 before receiving information that it previously determined it needed before it could "continue processing this amendment" demonstrates that her decision was arbitrary, capricious and an abuse of discretion.

c.      Because California is within the jurisdiction of the Ninth Circuit Court of Appeals, the Secretary is bound to apply the Ninth Circuit's interpretation of the Medicaid Act, including Section 30(A), when evaluating California SPAs for compliance with the Medicaid Act.  The Ninth Circuit has held that Section 30(A) requires that Medicaid payment rates must be based on credible cost studies and must bear a reasonable relationship to provider costs in order to be consistent with quality of care and sufficient to ensure that beneficiaries have equal access to services.  The Ninth Circuit has further held that these credible cost studies must be considered prior to the implementation of the rate reduction.  The Secretary has not

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA  94105
TEL.: (415) 875-8500 • FAX: (415) 875-8519

2040786.1

applied the Ninth Circuit's interpretation of Section 30(A) because Plaintiffs are informed and believe that she did not consider any evidence of credible cost studies or evidence of the reasonable relationship between provider rates after the 2011 Rate Reductions to provider costs.  The Secretary further has not applied the Ninth Circuit's interpretation of Section 30(A) because she explicitly based her approval on DHCS' representation that it will conduct post-implementation monitoring.  The Secretary's decision is thus not in accordance with law.

d.     The Ninth Circuit Court of Appeals has interpreted Section 30(A) to require that reimbursement rates bear a reasonable relationship to provider costs. Federal regulations establish detailed procedures for determining the costs associated with pharmaceutical products dispensed to Medicaid beneficiaries, including a drug's "estimated acquisition cost," as well as a "reasonable dispensing fee" and pharmacies' "usual and customary" charges to the general public. *See* 42 C.F.R. §§ 447.502, 447.512, 447.518.  Plaintiffs are informed and believe, and hereon allege, that prior to approving the across-the-board 10 percent reduction to the reimbursement rates paid to Medi-Cal pharmacies the Secretary failed to consider the "estimated acquisition costs" incurred by Medi-Cal pharmacies, the "usual and customary" charges made by pharmacies, and the reasonableness of the dispensing fees paid by the State.  As a result, the Secretary's decision was arbitrary, capricious, an abuse of discretion and not in accordance law.

e.     The record before the Secretary at the time she approved SPA 11-009 demonstrates that the Rate Reductions will adversely impact quality of care, and would not be sufficient to ensure that Medi-Cal beneficiaries would have equal access to services, because, among other things, SPA 11-009 will cause a significant deterioration in the financial health of many providers subject to the cuts and will cause them to either go out of business or otherwise cease providing services to Medi-Cal beneficiaries.

/ / /

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA  94105
TEL.: (415) 875-8500  •  FAX:  (415) 875-8519

2040786.1

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

f.      Federal regulations require that the State Plan be sufficiently comprehensive that CMS can determine a state's compliance with the Medicaid Act and implementing regulations to determine whether the plan can be approved for the purposes of providing Federal financial participation.  *See e.g.,* 42 C.F.R. § 430.10.  However, as acknowledged by CMS, the California State Plan does not include the actual fee schedules that the Department uses to pay providers.  SPA 11-009 likewise does not include the fee schedules used by the Department to reimburse providers, including physicians and dentists.  Without including the fee schedules in the State Plan, CMS did not have the underlying information necessary to determine whether SPA 11-009 complied with the Medicaid Act.  The Secretary's continued approval of a State Plan lacking necessary information, such as fee schedule rates, by its approval of SPA 11-009 results in a State Plan that violates the comprehensiveness requirement  for  State Plans.  As a result, the Secretary's decision was arbitrary, capricious, an abuse of discretion, and not in accordance with law.

g.      The Secretary's review and approval of SPA 11-009 is also arbitrary and capricious because it occurred in manner that was inconsistent with the Secretary's own public statements concerning the need for "transparency" in the SPA approval process.  Interested parties, including Plaintiffs, were not afforded meaningful access to the information that was being exchanged between CMS and DHCS concerning the SPA.  The only reason any information about the process was available at all was because some of the Plaintiffs exercised their rights to public information under the Freedom of Information Act and California's Public Records Act.  Even then, DHCS refused to make information available until after CMS made its decision to approve or disapprove the SPA, and CMS did not make information available until very shortly before it made its approval decision.  Further, CMS refused to delay its approval decision to allow Plaintiffs to review and consider all of the information DHCS submitted in support of SPA 11-009.  By reaching a

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA  94105
TEL: (415) 875-8500 • FAX: (415) 875-8519

2040786.1

1  decision on SPA 11-009 without affording interested parties an adequate

2  opportunity to review and respond to the information DHCS submitted, the

3  Secretary effectively excluded the public from the SPA approval process.

4         h.     In approving SPA 11-009, the Secretary acted in excess of

5  jurisdiction and otherwise failed to proceed in the manner required by law.

6

7  ### SECOND CAUSE OF ACTION

8  ### (VIOLATION OF 42 U.S.C. § 1396a(a)(30)(A)/SUPREMACY CLAUSE)

9  (Against Defendant Director)

10      66.    Plaintiff hereby incorporates by reference paragraphs 1 through 62,

11  inclusive, as though fully set forth herein.

12      67.    The 2011 Rate Reductions violate Section 30(A) of the Medicaid Act

13  because:

14         a.     The Legislature gave DHCS the authority to reduce provider

15  payment rates, and DHCS exercised that authority, for purely budgetary reasons in

16  order to achieve monetary savings for the State;

17         b.     Neither the Legislature nor DHCS appropriately considered the

18  factors of efficiency, economy, quality of care and access to services prior to

19  authorizing and/or adopting the 2011 Rate Reductions and seeking approval of such

20  from CMS;

21         c.     To the extent DHCS sought to amend the State Plan to

22  implement the 2011 Rate Reductions after purported studies of that particular

23  reduction were completed, those studies cannot be considered adequate for the

24  purposes of the requirements of Section 30(A);

25         d.     The rates resulting from the 2011 Rate Reductions are not

26  reasonably related to provider costs and therefore are not consistent with quality of

27  care or sufficient to ensure equal access to services;

28  / / /

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL.: (415) 875-8500 • FAX: (415) 875-8519

e.      The rates resulting from the 2011 Rate Reductions are so far below the costs incurred by providers in providing services to Medi-Cal beneficiaries that the rates are not consistent with quality of care; and

f.      The rates resulting from the 2011 Rate Reductions are sufficiently below the costs that providers incur in providing services to Medi-Cal beneficiaries that the rates are not sufficient to ensure that Medi-Cal beneficiaries have access to services to the same extent as the general population.

68.    The 2011 Rate Reductions are thus preempted by the Supremacy Clause of the United States Constitution, art. IV, because the reduced rates that will result from the Reduction, enacted solely for budgetary reasons in disregard of the requirements of Section 30(A), stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress in the enactment of said section.  Moreover, the 2011 Rate Reductions are preempted under the Supremacy Clause because the Director cannot simultaneously comply Section 30(A) and implement and apply the Reduction.

### THIRD CAUSE OF ACTION
### (WRIT OF MANDATE, CAL. CODE CIV. PROC. § 1085)
(Against Defendant Director)

69.    Plaintiffs hereby incorporates by reference paragraphs 1 through 62, inclusive, as though fully set forth herein.

70.    Plaintiffs have a beneficial interest that rates established for healthcare services comply with the requirements of the Federal and California statutes and case law concerning the obligations and duties of administrative agencies.

71.    The Director has a duty to comply with the law, but has violated this duty, by adopting and implementing the 2011 Rate Reductions in violation of Section 30(A), applicable to him by the Supremacy Clause.

/ / /

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA  94105
TEL.: (415) 875-8500  •  FAX:  (415) 875-8519

2040786.1

72.    The Director has a mandatory duty to comply with the statute and State Plan provisions related to reimbursement rates for pharmaceutical drugs.  Welfare & Institutions Code 14105.45(b) sets reimbursement for Medi-Cal pharmacy providers at the lower of the drug's "estimated acquisition cost" plus a dispensing fee, or the pharmacy's usual and customary charges.  Likewise, the State Plan provides that reimbursement for "Pharmaceutical Services" and "Prescribed Drugs" will be set at "the provider pharmacy's current charges to the general public, up to the State Agency's limits."  The 2011 Rate Reductions violate these authorities by setting rates below the provider pharmacy's costs for providing prescription drugs.

73.    Plaintiffs have performed all conditions precedent to the filing of the petition for mandamus.  No other adequate remedy exists under statute, regulation or other provisions of law.  Under California law, the existence of declaratory and injunctive relief does not prevent the use of mandate.  *County of Los Angeles v. State Department of Public Health*, 158 Cal.App.2d 425, 446 (1958).

## FOURTH CAUSE OF ACTION
### (DECLARATORY RELIEF)
(Against All Defendants)

74.    Plaintiffs hereby incorporates by reference paragraphs 1 through 62, inclusive, as though fully set forth herein.

75.    An actual and justiciable controversy exists between Plaintiffs and the Director regarding the validity of the 2011 Rate Reductions.  Plaintiffs contend that the 2011 Rate Reductions are invalid and unlawful in violation of the United States Constitution, the California Constitution, federal statute and State laws, while the Director contends that the reimbursement limitations are valid in all respects.

76.    An actual and justiciable controversy exists between Plaintiffs and Defendant Secretary regarding its approval of SPA 11-009 complied with the requirements of the federal Medicaid Act and the APA.  Plaintiffs contend that the

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL.: (415) 875-8500 • FAX: (415) 875-8519

2040786.1

23

1  Secretary's approval of SPA 11-009 was arbitrary, capricious, an abuse of discretion

2  and not in accordance with applicable law, while the Secretary contends that she

3  properly approved SPA 11-009 in compliance with the Medicaid Act and APA.

4      77.    Accordingly, pursuant to 28 U.S.C. § 2201, Plaintiffs request this Court

5  to declare that the 2011 Rate Reductions invalid, unlawful and preempted by federal

6  law.

7      78.    No administrative appeal process or other administrative remedy is

8  available to Plaintiffs and/or Plaintiff's members, as applicable, to challenge the

9  2011 Rate Reductions.

10     79.    All of the said injuries are great, immediate, and irreparable, for which

11 damages at law are inadequate, and for which Plaintiffs, and/or their members, have

12 no plain, adequate or speedy relief at law or otherwise.

13     **WHEREFORE,** Plaintiffs pray for judgment as follows:

14     1.     For an Order declaring that the 2011 Rate Reductions violates Section

15 30(A), the APA, and California Law and is thus invalid and/or preempted by the

16 Supremacy Clause of the United States Constitution, art. IV;

17     2.     For an Order declaring that it was arbitrary, capricious, an abuse of

18 discretion and not in accordance with applicable law for the Secretary to approve

19 SPA 11-009;

20     3.     For an Order setting aside the Secretary's approval of SPA 11-009;

21     4.     For an Order preliminarily and permanently enjoining the Director

22 from implementing the 2011 Rate Reductions;

23     5.     For a Writ of Mandate precluding the Director from implementing the

24 2011 Rate Reductions on the ground that the reductions are not in compliance with

25 Section 30(A) and improvidently approved by the Secretary.

26 / / /

27 / / /

28 / / /

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA  94105
TEL.: (415) 875-8500 • FAX: (415) 875-8519

2040786.1

1    6.    For costs of suit, and

2    7.    Such other and further relief as may be just and proper.

3

4   DATED: November 21, 2011          HOOPER, LUNDY & BOOKMAN, P.C.

5

6                                     By: _____
                                          CRAIG J. CANNIZZO
7                                     Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL. (415) 875-8500 • FAX: (415) 875-8519

2040786.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV11- 9688 PA (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

CALIFORNIA MEDICAL ASSOCIATION, ET AL.     )
                  *Plaintiff*                )
                             )
                  v.                  )   Civil Action No.
                             )   **CV11-9688** PA ((WX)

TOBY DOUGLAS, DIRECTOR, ET AL.         )
                  *Defendant*        )
                      see attached

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

    Craig J. Cannizzo, Esq.
    Felicia Y Sze, Esq.
    HOOPER, LUNDY & BOOKMAN, P.C.
    575 Market Street, Suite 2300
    San Francisco, California 94105
    Tel:    (415) 875-8500
    Fax:   (415) 875-8519
    ccannizzo@health-law.com
    fsze@health-law.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                                 *CLERK OF COURT*

         NOV 2 1 2011                  **SHEA BOURGEOIS**

Date: _____     _____
                                           *Signature of Clerk or Deputy Clerk*

SEAL



American LegalNet, Inc.
www.FormsWorkFlow.com

CRAIG J. CANNIZZO (State Bar No. 70379)
E-Mail: ccannizzo@health-law.com
FELICIA Y SZE (State Bar No. 233441)
E-Mail: fsze@health-law.com
GREG B SHERMAN (State Bar No. 253832)
E-Mail: gsherman@health-law.com
**HOOPER, LUNDY & BOOKMAN, P.C.**
575 Market Street, Suite 2300
San Francisco, California 94105
Telephone: (415) 875-8500
Facsimile: (415) 875-8519

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

|  |  |
|---|---|
| CALIFORNIA MEDICAL ASSOCIATION, CALIFORNIA DENTAL ASSOCIATION, CALIFORNIA PHARMACISTS ASSOCIATION, NATIONAL ASSOCIATION OF CHAIN DRUG STORES, and DOES 1 through 10, inclusive, | CASE NO. **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |
| Plaintiffs, |  |
| vs. |  |
| TOBY DOUGLAS, DIRECTOR, CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES, KATHLEEN SEBELIUS, SECRETARY, UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, |  |
| Defendants. |  |

**HOOPER, LUNDY & BOOKMAN, P.C.**
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL: (415) 875-8500 • FAX: (415) 875-8519

2040786.1

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____, a person of suitable age and discretion who resides there,

on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____; or

☐ I returned the summons unexecuted because _____; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____           _____
                                                                    *Server's signature*

                                                _____
                                                                    *Printed name and title*

                                                _____
                                                                    *Server's address*

Additional information regarding attempted service, etc:


American LegalNet, Inc.
www.FormsWorkFlow.com

CIVIL COVER SHEET

**I. (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

CALIFORNIA MEDICAL ASSOCIATION, CALIFORNIA DENTAL ASSOCIATION, CALIFORNIA PHARMACISTS ASSOCIATION, NATIONAL ASSOCIATION OF CHAIN DRUG STORES

**DEFENDANTS**

TOBY DOUGLAS, DIRECTOR, CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES, KATHLEEN SEBELIUS, SECRETARY, UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Craig J. Cannizzo, Esq. and Felicia Y Sze, Esq.
HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CA 94105; TEL: (415) 875-8500; FAX: (415) 875-8519

**Attorneys** (If Known)

---

**I. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**V. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

---

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ MONEY DEMANDED IN COMPLAINT: $_____

---

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Judicial review of arbitrary and capricious federal approval of ten percent Medi-Cal rate reductions per 5 U.S.C. §§ 701-706 and claim that reductions violate 42 U.S.C. § 1396a(a)(30)(A) and other laws.

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11-9688

---

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): 2:08-cv-03315; 2:09-cv-0382; 2:09-cv-722; 2:09-cv-08642; 2:11-cv-09078; 2:11-cv-09211

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | CALIFORNIA MEDICAL ASSOCIATION - SACRAMENTO COUNTY; CALIFORNIA DENTAL ASSOCIATION - SACRAMENTO COUNTY; CALIFORNIA PHARMACISTS ASSOCIATION - SACRAMENTO COUNTY; NATIONAL ASSOCIATION OF CHAIN DRUG STORES - VIRGINIA |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara and San Luis Obispo | All other California Counties outside this District. |

***** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date _Nov. 21, 2011_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |