UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9688 CAS (MANx) | Date | March 5, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL ASSOCIATION, ET AL. v. TOBY DOUGLAS, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Craig Cannizzo (by telephone) | Jonathan Rich |
| | Benjamin Berwick (by telephone) |

Attorneys Present for Plaintiffs In Intervention
Stephen Larson
David Bayles

**Proceedings:**   **DEFENDANT'S MOTION FOR RECONSIDERATION** (filed 02/13/12)

On January 30, 2012, the Adult Day Health Care Association ("ADHCA"), an association representing Adult Day Health Care providers in California, filed a motion to invervene in this action. On January 31, 2012, the Court granted ADHCA's motion. The Director filed an opposition on February 13, 2012, which the Court now construes as a motion for reconsideration. The Court finds that the Director has failed to set forth good cause why the Court should reconsider its order.

Federal Rule of Civil Procedure 24(b) provides for intervention where, upon timely application, "an applicant's claim or defense and the main action have a question of law and fact in common." A court must also consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Fed. R. Civ. P. 24(b). In this case, ADHCA's motion was timely as the proceedings were in their very early stages when ADHCA moved to intervene. Next, ADHCA's claims raise a question of law and fact in common with those of the existing parties. Specifically, like the existing plaintiffs, ADHCA will present arguments that the rate reduction at issue in this case does not meet the standards imposed by federal law. Finally, permitting ADHCA's intervention will not prejudice any of the parties to the case. Prejudice is shown by such things as "loss of evidence, settlements made in expectation of no further claims and need

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9688 CAS (MANx) | Date | March 5, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL ASSOCIATION, ET AL. v. TOBY DOUGLAS, ET AL. | | |

to reopen matters previously resolved." Defenders of Wildlife v. Johanns, 2005 WL 3260986, *4 (N.D. Cal. 2005).  Here, no evidence has been lost, no settlements have been made, and no issues in the case have been finally adjudicated.[1]

Accordingly, the Court denies the Director's motion for reconsideration.

IT IS SO ORDERED.

|  | 00 | : | 15 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[1] The Director argues that ADHCA lacks a protectable interest due to a settlement agreement in another action, Darling v. Douglas, Case No. 09-CV-03798 (SBA) (N.D. Cal.).  By the terms of the agreement, a statewide class of Adult Day Health Care beneficiaries agreed that the Director could terminate the Adult Day Health Care benefit from the State's Medicaid Plan as of February 29, 2012 (which has subsequently been extended to March 31, 2012, at the request of the Centers for Medicare and Medicaid Services).  The Court finds this contention unavailing because the Director seeks to "recover any overpayments made to Medi-Cal providers, for services rendered on and after June 1, 2011."  See Notice published by DHCS in the California Regulatory Notice Register on May 27, 2011; Dkt. No. 88-1, Exh. 5, page 22.  Like the other provider plaintiffs in this case, insofar as ADHCA shows that the rate reduction is unlawful as it applies to Adult Day Health Care services, ADHCA may upon a showing of good cause be entitled to injunctive relief preventing such recoupment.