UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9688 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL ASSOCIATION, ET AL. v. TOBY DOUGLAS, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: Not Present | | Attorneys Present for Defendants: Not Present | |

**Proceedings:** (In Chambers:) **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** (filed March 5, 2012)

## I.  INTRODUCTION AND BACKGROUND

On November 21, 2011, plaintiffs California Medical Association, Inc. ("CMA"), et al. filed the instant action against Toby Douglas, Director of the California Department of Health Care Services (the "Director") and Kathleen Sebelius, Secretary of the U.S. Department of Health and Human Services (the "Secretary").

On January 31, 2012, the Court granted a motion to intervene in this action brought by the Adult Day Health Care Association ("ADHCA"), an association representing adult day health care providers in California. ADHCA filed its first amended complaint in intervention ("FAC") on February 7, 2012.

The California Department of Health Care Services ("DHCS") is a California agency charged with the administration of California's Medicaid program, Medi-Cal. The Secretary is responsible for administering the Medicaid program at the federal level. Through her designated agent, the Centers for Medicare and Medicaid Services ("CMS"), the Secretary is responsible for reviewing and approving policy changes that states make to their Medicaid programs.

On March 25, 2011, California Governor Edmund G. Brown Jr. signed into law Assembly Bill 97 ("AB 97"), the health budget trailer bill for California fiscal year 2011–2012. AB 97 enacted significant payment reductions for many classes of services provided under the Medi-Cal program. Most significantly for the purposes of the instant action, AB 97 enacted California Welfare and Institutions Code § 14105.192, which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9688 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL ASSOCIATION, ET AL. v. TOBY DOUGLAS, ET AL. | | |

authorizes the Director to reduce the Medi-Cal payment rates for various services, including ADHC services, effective June 1, 2011. However, AB 97 only reduced the reimbursement rate for ADHC centers until the ADHC program is eliminated from the State Plan. Pursuant to Welfare and Institutions Code § 14105.192(n), the Director is required to seek any federal approvals necessary prior to implementing the rate reduction.

DHCS submitted proposed State Plan Amendment ("SPA") 11-009 to CMS on June 30, 2011, seeking federal approval of the rate reduction and incorporation of that reduction into California's Medi-Cal State Plan. On September 27, 2011, CMS issued a letter to DHCS requesting additional information concerning the proposed rate reduction. This Request for Additional Information ("RAI") focused on the impact of the rate reduction on access to services. On October 27, 2011, in a letter from the Associate Regional Administrator of the Division of Medicaid & Children's Health Operations, CMS provided notice to the Director and DHCS that it had approved SPA 11-009.

While the ten percent reduction in payment rates was indefinite for many of the services covered by SPA 11-009, that is not the case for ADHC services. Instead, the approval of the rate reduction for ADHC services was only for services provided between June 1, 2011 and November 30, 2011. See Plaintiffs' Request for Judicial Notice ("Pls.' RJN"), Dkt. No. 88-1, Ex. 3 at 23. The reason for this temporal limitation was that, at the time SPA 11-009 was approved, ADHC services were set to be eliminated entirely as a Medi-Cal benefit beginning on December 1, 2011.[1] The ADHC reduction also only applied to areas of the State with a high concentration of ADHC providers, whereas areas with few providers were exempted. Id.

After the ADHC benefit was slated for elimination by the California legislature, a class of ADHC beneficiaries sued the State under the Americans with Disabilities Act to delay implementation until a transition plan could be put in place. See Darling v. Douglas, No. 09-CV-3798 (SBA) (N.D. Cal.). The parties reached a settlement agreement, whereby ADHC benefits would be eliminated upon the creation of a new

---

[1] CMS initially approved a termination date of September 1, 2011. Subsequently, CMS approved the delay of the termination date to December 1, 2011, and thereafter to March 1, 2012 and again to March 31, 2012.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9688 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL ASSOCIATION, ET AL. v. TOBY DOUGLAS, ET AL. | | |

program called Community-Based Adult Services ("CBAS"). See Dkt. No. 167-3; Settlement Agreement. Notice of the agreement, which the district court finally approved on January 24, 2012, was provided to all ADHC participants and providers on December 14, 2011. The agreement calls for CBAS providers to be paid the same rate as ADHC providers minus ten percent except for in certain exempted areas where providers will receive the full rate paid to ADHC providers.

     Before California could implement the CBAS program, the State had to obtain CMS' approval of an amendment to a Medicaid demonstration project. See Intervenor's Request for Judicial Notice ("Int.'s RJN"), Dkt. No. 183, Ex. A at 4. CMS approved the application on March 31, 2012.

     In order to have sufficient time to implement the CBAS program and obtain CMS' approval, the State has delayed the elimination of ADHC benefits until March 31, 2012. See id. CMS has approved this extension of ADHC benefits, and on March 27, 2012, approved SPA 11-039, which calls for the application of the rate reduction for ADHC services provided between November 30, 2011, and March 31, 2012.

     ADHCA alleges that CMS' approval of SPA 11-009 was in violation of 42 U.S.C. § 1396a(a)(30)(A) ("Section 30(A)")[2] and the Supremacy Clause of the United States Constitution.[3] FAC ¶ 14. ADHCA further alleges that the Secretary's approval of the SPA violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. because the Secretary failed to appropriately consider certain factors including the impact of the rate reduction on access to and quality of medical services. Id. ¶ 13.

---

     [2] Section 30(A) states in pertinent part that a State plan for medical assistance must:

provide such methods and procedures relating to the utilization of, and the payment for, care and services available under the plan . . . to assure that payments are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general population in the geographic area.

     [3] U.S. Const. art. VI, cl. 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9688 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL ASSOCIATION, ET AL. v. TOBY DOUGLAS, ET AL. | | |

On March 5, 2012, ADHCA filed the instant motion for a preliminary injunction. ADHCA requests that the Court enjoin the rate reduction for ADHC services that was established in SPA 11-009—that is, the rate in effect between June 1, 2011 and November 30, 2011—as well as the ADHC payment rate in effect beginning December 1, 2011, and the payment rate in the yet to be established CBAS program. On March 19, 2012, the Director and the Secretary filed separate oppositions to ADHCA's motion.[4] ADHCA replied on March 26, 2012. The Court heard oral argument on April 2, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 9 (2008). The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal. Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009) ("Cal. Pharms. I"). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011); see also Indep. Living Ctr. of So. Cal. v. Maxwell-Jolly, 572 F. 3d 644, 657–58 (9th Cir. 2009) ("ILC II"). A "serious question" is one on which

---

[4] Contemporaneously with his opposition, the Director filed evidentiary objections to the declarations ADHCA filed in support of its motion. Dkt. No. 195. The Director argues that ADHCA's declarations are inadmissible because they are irrelevant, not based on personal knowledge, improper opinion testimony by lay witnesses, and include inadmissible hearsay evidence. Id. To the extent the Court relies on evidence contained within ADHCA's declarations, as noted below, the Director's objections are overruled. The Director's other objections are overruled as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9688 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL ASSOCIATION, ET AL. v. TOBY DOUGLAS, ET AL. | | |

the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

### III. DISCUSSION

#### A. Standing

The Court first addresses the Director's arguments that ADHCA lacks standing to pursue it claims.

##### 1. Concrete Injury

The Director argues that ADHCA has not alleged an "actual and imminent injury" because its allegations of harm are merely "conjectural and hypothetical." Director's Opp'n at 14 (citing Lee v. State of Oregon, 107 F.3d 1382, 1388 (9th Cir. 1997)).

The Court rejects this argument because ADHC providers' alleged injuries are concrete rather than speculative or conjectural. In order to establish standing to assert a claim, a plaintiff must demonstrate an injury in fact, which is concrete, distinct and palpable, and actual or imminent. See McConnell v. Fed'l Election Comm'n, 540 U.S. 93, 225 (2003). Here, ADHCA alleges that providers will suffer substantial financial losses due to the challenged rate reduction because DHCS has stated its intention to recoup reimbursements already paid, see Pls.' RJN, Ex. 5 at 33, and because providers will receive reduced reimbursements for services not yet rendered. Such harm is sufficient to meet Article III's requirement that an injury be concrete.

##### 2. Prudential Standing

The Director argues that ADHCA lacks prudential standing to enforce Section 30(A) because it seeks to enforce rights belonging to a third party, CMS. According to the Director, Section 30(A) does not confer individual entitlements on any private parties, but instead serves as a "yardstick" by which the federal government may assess a state's performance under the Medicaid Act. Director's Opp'n at 15. Moreover, to the extent that ADHCA's claims rely on the Supremacy Clause, the Director argues that they run afoul of the bar against considering generalized grievances in that ADHCA is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9688 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL ASSOCIATION, ET AL. v. TOBY DOUGLAS, ET AL. | | |

attempting to vindicate any right personal to it, but instead invokes the Supremacy Clause as an "all-purpose cause of action to compel a state's compliance with federal law." Id. at 15–16 (citing Valley Forge Christian Coll. v. Amer. United for Sep. of Church and State, 454 U.S. 464, 483 (1982)).

The Court finds the Director's prudential standing arguments unavailing. In assessing prudential standing, a court need not "inquire whether there has been a congressional intent to benefit the would-be plaintiff," but instead must determine only whether the plaintiff's interests are among those "arguably . . . to be protected" by the statutory provision. Nat'l Credit Union v. First Nat'l Bank & Trust Co., 552 U.S. 478, 489 (1998). This "zone of interest" test "is not meant to be demanding." Clarke v. Secs. Indus. Ass'n, 479 U.S. 388, 399–400 (1987). To this end, Section 30(A) establishes standards by which payments to providers are set. Accordingly, Medi-Cal providers are undoubtedly within the zone of interests protected by Section 30(A). Further, the Court finds that contrary to the Director's assertion, ADHCA is not alleging a "generalized grievance." This is so because ADHCA has alleged that its members will be specifically and directly harmed by the implementation of a rate reduction.

### 3. Associational Standing

The Director maintains that ADHCA cannot establish associational standing on behalf of providers because ADHCA has "only submitted declarations from five of its purported 87 members, which constituted even a smaller percentage of the approximately 269 Medi-Cal certified providers in the state." Director's Opp'n at 16. The Director further contends that ADHCA does not have standing on behalf of Medi-Cal beneficiaries for three reasons. First, the Director argues that ADHCA does not represent beneficiaries' interest because ADHC beneficiaries "have been, and continue to be represented as a class in the Darling case." Second, the Director maintains that ADHCA fails to allege how representing Medi-Cal recipients' interests is germane to its purposes. Third, the Director argues that whether an individual beneficiary has a legitimate claim will require an individualized determination. Id. at 16–17.

The Director's associational standing arguments fail with respect to ADHCA's provider members. An association has standing to sue on behalf of its members if (1) they would have standing to sue in their own right; (2) the interests it seeks to protect are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9688 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL ASSOCIATION, ET AL. v. TOBY DOUGLAS, ET AL. | | |

germane to the organization's purpose; and (3) participation by the individual members is not necessary to resolve the claim. Hunt v. Wash. State Apple Advertising Comm'n, 432 U.S. 333, 343 (1997). ADHCA plainly has associational standing to represent its provider members, and the Court is aware of no authority for the proposition that an association must represent a particular percentage of the entities relevant to a dispute in order to have standing to participate.

However, the Court agrees with the Director that ADHCA does not have standing to represent ADHC beneficiaries. This is so because ADHC beneficiaries are represented as a class in Darling wherein they agreed that the ADHC program would be terminated and that the AB 97 rates would apply to the provision of CBAS services. ADHCA argues that it has standing to represent beneficiaries because the rate reduction was not at issue in Darling and because there was: (1) no reason for Medi-Cal beneficiaries to consider the impact of the rate reduction on the ADHC services they received or the services they would receive under the CBAS program; and (2) no ability for Medi-Cal beneficiaries to assert what impact a given rate reduction would have upon providers. Reply at 15. The Court rejects this argument because the Darling settlement agreement specifically contemplates the rate at which providers would be reimbursed. See Dkt. No. 167-3; Settlement Agreement § XII.C.1. As a result, even though ADHCA may represent the interests of its provider members, it lacks standing to represent beneficiaries.

    **B.    Likelihood of Success on the Merits**

        **1.    ADHCA's Claims Against the Secretary**

ADHCA argues that it is likely to succeed on the merits of its claims against the Secretary because CMS failed to apply controlling law in evaluating SPA 11-009 and therefore acted arbitrarily and capriciously.

Under the APA, a reviewing court must affirm an agency's determination unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "A decision is arbitrary and capricious if the agency 'has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9688 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL ASSOCIATION, ET AL. v. TOBY DOUGLAS, ET AL. | | |

difference in view or the product of agency expertise.'" O'Keefe's, Inc. v. U.S. Consumer Prod. Safety Comm'n, 92 F. 3d 940, 942 (9th Cir. 1996) (quoting Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)).

If a statute is silent or ambiguous with respect to a specific question, the issue for the court is whether the agency's answer is based on a permissible construction of the statute. Chevron U.S.A. v. NRDC, 467 U.S. 837, 842–43 (1984). Chevron deference is required "when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and . . . the agency interpretation claiming deference was promulgated in the exercise of that authority." United States v. Mead Corp., 533 U.S. 218, 226–27 (2001).

   **a.**  **Provider Costs**

ADHCA argues that CMS improperly failed to consider whether DHCS relied on credible cost studies and developed rates reasonably related to provider costs as the Ninth Circuit has held is required under Section 30(A). Mot. at 13 (citing Orthopaedic Hosp. v. Belshe, 103 F. 3d 1491, 1492, 1496, 1500 (9th Cir. 1997) cert. denied, Belshe v. Orthopaedic Hosp., 522 U.S. 1044 (1998))

In opposition, the Secretary and the Director each contends that CMS' contrary interpretation of Section 30(A), upon which it based its approval of SPA 11-009, is entitled to Chevron deference notwithstanding the Ninth Circuit's decision in Orthopaedic Hospital. Secretary's opp'n at 8–12; Director's Opp'n at 8–12. The Secretary and the Director also argue that the Supreme Court's recent decision in Douglas v. Indep. Living Center of So. Cal., 132 S.Ct. 1204 (2012) requires the Court to reconsider its prior rulings that CMS' approval of a SPA is not entitled to deference. Secretary's Opp'n at 9–10; Director's Opp'n at 9–10.

The Court has previously found that Chevron deference is not appropriate in this case because

> the Secretary's approval of SPA 11-009 did not involve a formal adjudication accompanied by the procedural safeguards justifying Chevron deference. Instead, the Secretary issued her interpretation of Section 30(A) in a letter to DHCS. This

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9688 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL ASSOCIATION, ET AL. v. TOBY DOUGLAS, ET AL. | | |

kind of interpretation is of the very type for which the Supreme Court has declined to extend Chevron deference.

Dkt. No. 154 at 10–11. Further, the Court found that none of the procedural safeguards in the rulemaking process were

> incorporated in the SPA approval process at issue in this case, in which there was no hearing, no record, no opportunity for interested parties to present evidence, and no formal decision in which the Secretary set forth her reasoning. Accordingly, the Secretary's approval of SPA 11-009 did not include the hallmarks of 'fairness and deliberation' to which Chevron deference is owed.

Id. at 11 (citations omitted).

  The Court does not believe that the Supreme Court's decision in Douglas requires reconsideration of this holding. It is true that the Supreme Court stated that "ordinarily review of agency action requires courts to apply certain standards of deference to agency decisionmaking . . . [a]nd the parties have not suggested reasons why courts should not now (in the changed posture of these cases) apply those ordinary standards of deference." Douglas, 132 S.Ct. at 1210. However, the decision this Court rendered was on facts which had already reached the posture the Supreme Court noted as "changed," i.e., the Secretary had already approved SPA 11-009 when the Court granted a preliminary injunction in favor of the other plaintiffs in this case. Therefore, the Court has already analyzed and found the "reasons why [this Court] [w]ould not now . . . apply those ordinary standards of deference." Thus, the Court finds that CMS has failed to consider a relevant factor, and therefore that there is a strong probability that its approval of SPA 11-009 will be found to be arbitrary and capricious.

  **b. Access to Services**

  ADHCA next argues the Secretary's approval of SPA 11-009 was arbitrary and capricious because DHCS did not consider conduct a proper analysis concerning beneficiary access to services. Mot. at 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9688 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL ASSOCIATION, ET AL. v. TOBY DOUGLAS, ET AL. | | |

The Court finds it unlikely that ADHCA will prevail on the merits of its claim concerning beneficiaries' access to services. This is so regardless of whether a proper access analysis was conducted. In contrast to a failure to consider provider costs which results in direct harm to providers, a failure to properly consider a rate reduction's impact on access would cause harm only to beneficiaries. As discussed above, due to the Darling settlement agreement, ADHCA does not have standing to assert harm on behalf of beneficiaries. Thus, even if the Secretary's approval of SPA 11-009 were arbitrary and capricious because DHCS failed to properly address impact on access to services, ADHCA is not likely to prevail on the merits of such a claim.

    **C.    Risk of Irreparable Injury**

ADHCA contends that the rate reduction will cause irreparable harm in two principal ways. First, ADHCA argues that Medi-Cal providers will suffer substantial monetary losses as a result of a rate reduction, forcing them to severely curtail their services or close their businesses entirely. Next, as a result of these service reductions, ADHCA contends that Medi-Cal beneficiaries will suffer severely limited access to care. Mot. at 19–20.

The Director argues that ADHCA has failed to establish a threat of irreparable harm, but instead is improperly attempting to "re-litigate" the Darling settlement agreement. Director's Opp'n at 3. The Director maintains that despite knowing since at least mid-December 2011 that ADHC beneficiaries had agreed to the AB 97 rate reduction, ADHCA did not seek to intervene or otherwise participate in Darling before the settlement agreement was negotiated and adopted as a final judgment. Id. at 4. Because ADHC beneficiaries did not challenge the rate reduction in Darling and have agreed that AB 97 rates will apply to CBAS, the Director argues that ADHCA cannot demonstrate that Medi-Cal beneficiaries will suffer irreparable harm in the absence of a preliminary injunction. Id. at 5. Further, the Director argues that ADHC providers will not suffer any injury that is redressable in this action because the ADHC program will most likely have "ceased to operate" by the time this motion is heard. Id.

The Secretary argues that ADHCA's claim of irreparable harm is undermined by its substantial delay in intervening and filing the instant motion. Secretary's Opp'n at 20–22. Next, the Secretary argues that the closure of ADHC facilities does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9688 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL ASSOCIATION, ET AL. v. TOBY DOUGLAS, ET AL. | | |

demonstrate harm because it is unlikely that any ADHC facilities have closed as a result of the rate cuts approved in SPA 11-009. This is so, the Secretary maintains, because those rate cuts have not yet been implemented by the State. Id. at 22–23. Instead, the Secretary contends that any closures are due at least in part to California's proposed elimination of the ADHC benefit and its replacement by CBAS, which imposes additional requirements on providers. Id. at 23.

The Court concludes that ADHCA has established a threat of irreparable harm in the absence of a preliminary injunction. In this respect, ADHCA has demonstrated specific harm for numerous ADHC providers due to DHCS' stated intention to "recover any overpayments made to Medi-Cal providers, for services rendered on and after June 1, 2011." See Pls' RJN, Ex. 5 at 33. The six ADHC centers that have provided declarations in support of ADHCA's motion for preliminary injunction estimate that they face recoupment liability in excess of $500,000. See Declaration of Mariana Isounts, ¶ 12 ($39,000); Declaration of Lilia Pryor, ¶ 12 ($168,000); Declaration of Jean Hekimyan, ¶ 11 ($44,129); Declaration of Varduhi Babaian, ¶ 11 ($62,180); Declaration of Corinne Jan, ¶ 18 ($234,000); see also Declaration of Lydia Missaelides, ¶ 26 (collectively, ADHC providers face recoupment liability of nearly $20 million). Because ADHC providers would be barred from recovering any reimbursement shortfall in an action at law due to California's Eleventh Amendment immunity, the Court finds that ADHCA has shown irreparable injury.[5] See Cal. Pharms. I, 563 F. 3d at 850–52; ILC II, 572 F.3d at

---

[5] The Court rejects the Secretary's contention that ADHCA's delay in intervening demonstrates the absence of irreparable harm. SPA 11-009 was only approved on October 27, 2011. DHCS implemented the rate reductions in January 2012, and ADHCA moved to intervene by the end of that month. The hearing on ADHCA's motion for intervention was not until March 5, 2012, and ADHCA filed its motion for preliminary injunction that day. In any event, DHCS has yet to begin recoupment of payments already made, which negates any claim that ADHCA's delay has been unreasonable.

The Court is also unpersuaded by the Director's argument that ADHCA is attempting to re-litigate Darling. This is so because neither ADHCA nor any ADHC provider was a party to that action. While ADHC beneficiaries could and did bind themselves to the terms of the settlement agreement, they could not similarly constrain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9688 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL ASSOCIATION, ET AL. v. TOBY DOUGLAS, ET AL. | | |

658; Cal. Pharms. Ass'n v. Maxwell-Jolly ("Cal. Pharms. II"), 596 F. 3d 1098, 1113–14 (9th Cir. 2010).

However, the Court finds that ADHCA cannot assert harm to beneficiaries due to the beneficiaries' concessions in Darling. As noted above, ADHC beneficiaries specifically agreed to a rate reduction, and could not now claim that they are harmed thereby. Accordingly, even if a rate reduction results in reduced access to services for beneficiaries, ADHCA cannot assert such harm. Thus, the Court does consider whether ADHC facilities have already, or will in the future, cease offering services as a result of a rate reduction.

### D. Balance of Hardships and Public Interest

The Secretary and the Director each argues that injunctive relief would have a serious impact on the continuing financial health of the State of California. Secretary's Opp'n at 25; Director's Opp'n at 18. The Director also maintains that the public will suffer harm if an injunction issues because any injunction that prevents the implementation of a state statue inflicts injury on the State. Director's Opp'n at 18–19 (citing Coalition for Economic Equity v. Wilson, 122 F. 3d 718, 719 (9th Cir. 1997)).

As noted above, the only harm that ADHCA has standing to assert is the monetary harm to providers that will result from the rate reduction. However, the Court does not believe this interest is sufficient for the balance of hardships and the public interest to weigh in favor of the issuance of a preliminary injunction. In this case and in others in which this Court has previously found that the balance of hardships and the public interest weigh in favor of a preliminary injunction, the Court expressed concern that the rate reduction would result in serious harm to beneficiaries. See, e.g., Dkt. No. 154 at 27 ("[T]he State's fiscal crisis does not outweigh the serious irreparable injury plaintiffs would suffer absent the issuance of an injunction."). Because ADHCA providers may not assert this harm on behalf of beneficiaries, the Court finds that the balance of hardships precludes a preliminary injunction.

---

providers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9688 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL ASSOCIATION, ET AL. v. TOBY DOUGLAS, ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES AHDCA's motion for a preliminary injunction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |